IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL Y. SANDBORN,**

    **Petitioner,**

v.                                             Civil Action No. 2:05CV33
                                                (Judge Maxwell)

**WARDEN DOMINIC GUTIERREZ,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On April 25, 2005, the *pro se* petitioner, Michael Y. Sandborn, an inmate at FCI-Morgantown, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241 in which he asserts the Bureau of Prisons ["BOP"] "arbitrarily and capriciously" denied him entrance into the 500 hour Residential Drug Abuse Program ["RDAP"]. He requests that the Court order him enrolled in the 500 hour RDAP program and order him eligible for the one year sentence reduction.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

### II. FACTS

The petitioner was convicted in the United States District Court in Kalamazoo, Michigan, of manufacturing marijuana. On May 13, 2003, the district court sentenced the petitioner to 60 months imprisonment. The petitioner is currently incarcerated at FCI-Morgantown.

The Psychological Services Intake Screening Summary dated December 17, 2003 revealed that the petitioner reported a history of substance abuse and that his primary drug of addiction/abuse

is alcohol. Dr. Robert Roff, the staff psychologist recommended the drug abuse program.

The petitioner applied to participate in RDAP. On February 23, 2005, Dr. E. Baker advised him as follows:

> You have been deemed unqualified for the residential drug abuse program because you had no verification in your pre-sentence investigation of a drug abuse or alcohol abuse history within a year of your arrest or indictment. In order to be reconsidered for eligibility for the program the DAP Cooridnator must first receive contemporaneous notes from a health treatment provider who treated you. The notes must contain evidence of substance abuse within a year of your arrest or indictment on the current federal charge. This documentation must be sent directly to the DAP Coordinator. Notes passed through inmates will not be accepted. Participation in Non Residential Group is recommended if you feel that you need treatment.

After Dr. Baker denied the petitioner participation in RDAP, the petitioner had Dr. Joel D. Eisenberg, his former doctor, wrote to Dr. Baker. In his letter dated March 10, 2005, Dr. Eisenberg stated that he was involved in the "cardiac case" of the petitioner. He states that the petitioner had "unusually high triglycerides" and that "one of the major contributing factors to elevated triglycerides is excess alcohol." On April 18, 2001, Dr. Eisenberg questioned the petitioner regarding his alcohol use. The petitioner denied anything more than "social intake of alcohol." Dr. Eisenberg stated in his letter that he now believes the petitioner's high triglycerides were related to "heavy alcohol intake" and recommended the petitioner participate in a drug abuse program. The petitioner also provided copies of letters from family members regarding his addiction.

The petitioner alleges that he is eligible to participate in RDAP and that his file contains evidence of a "verifiable documented drug abuse problem." The petitioner asserts that by being denied participation in RDAP, his rights to equal protection and due process were violated as was the ex post facto clause.

The petitioner states that he has not exhausted him administrative remedies regarding this

2

issue because "if I exhausted the prison procedure, I would be prejudiced, since I would not be entered in the program in enough [time] to obtain the 1 year sentence reduction. I am exhausting Administrative remedies however, and same in process."

### III. ANALYSIS

18 U.S.C. §3621(b) provides that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Section 3621(e)(1)(C) provides:

> In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)--or all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.
>
> The term "eligible prisoner" means a prisoner who is--
>
> (i) determined by the Bureau of Prisons to have a substance abuse problem; and
>
> (ii) willing to participate in a residential substance abuse treatment program.

18 U.S.C. §3621(e)(5)(B).

28 C.F.R. §550.56 and BOP Program Statement 5330.10 section 5.4 provide the eligibility requirements for RDAP. The BOP has the discretion to determine who may participate in RDAP. United States v. Jackson, 70 F.3d 874 (6th Cir. 1995).

Review of the Bureau of Prisons' determination is available initially through the administrative process provided in 28 CFR §§ 542.10-542.16. 28 C.F.R. § 542 mandated a four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden,

3

(3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel.

The petitioner indicates that he has not exhausted his administrative remedies. Federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004). Thus, the petitioner's petition should be dismissed because he has not exhausted his administrative remedies.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* petitioner.

DATED: June 27, 2005                              **/s** *John S. Kaull*
                                                  JOHN S. KAULL
                                                  UNITED STATES MAGISTRATE JUDGE